NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MFIB, LLC, a Delaware limited liability company doing business as ICON National,

Plaintiff - Appellant,

v.

IBCA, LLC, a California limited liability company doing business as Icon Builders; ALLEN W. SANDS, an individual residing in Arizona,

Defendants - Appellees.

No. 25-6589

D.C. No.
2:25-cv-02517-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted May 19, 2026
Phoenix, Arizona

Before: GOULD, M. SMITH, and HURWITZ, Circuit Judges.

MFIB, LLC appeals the denial of its motion for a preliminary injunction barring IBCA, LLC and its owner and founder, Allen Sands (collectively, "Defendants"), from using the trademarks "ICON," "ICON Builders," and "THE

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ORIGINAL ICON BUILDERS" ("the ICON Marks"). We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review the district court's order for abuse of discretion, *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014), and affirm.

1. Sands began using the ICON Marks in connection with general contracting services in 1985 and has used the mark in at least five affordable housing businesses in "various states," including California, Arizona, New Mexico, and Texas. Sands had between 50 and 100 percent ownership and served as the president with "final say" in each of these businesses.

In 2017, one of Sands's business, Icon Commercial Contractors d/b/a ICON Builders ("ICC"), merged with MFRG Construction to form MFIB. Sands agreed not to compete with MFIB in affordable housing renovation projects, but the merger agreement permitted ICC to continue to use the ICON Marks in connection with other projects, some of which were still ongoing as of September 2025. MFIB worked on projects in the affordable housing business using the trademarks "MFRG ICON" and "ICON National."

In 2022, MFRG bought out ICC's interest in MFIB, and Sands's non-competition agreement was terminated. In November 2023, MFIB registered the MFRG ICON and ICON National marks. Sands then dissolved ICC and founded IBCA, LLC, headquartered in Arizona. By 2024, IBCA had undertaken affordable housing projects in California and Texas using the ICON Marks. In 2025, MFIB

sued for trademark infringement and moved for a preliminary injunction to bar Defendants' use of the ICON Marks.

2. A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The movant must show, among other things, a likelihood of success on the merits. *Id.* at 20.

To succeed on an infringement claim, MFIB must have senior rights to the disputed trademarks. *See Pom Wonderful*, 775 F.3d at 1124. But if the Defendants engaged in continuous use of the ICON Marks before MFIB registered its marks, their interest in the ICON Marks is senior. *Casual Corner Assocs., Inc. v. Casual Stores of Nev., Inc.*, 493 F.2d 709, 711-12 (9th Cir. 1974); 15 U.S.C. §§ 1115(a), (b)(5).[2] MFIB does not dispute that Sands's other businesses have continuously used the ICON mark since before registration. The critical issue is whether Defendants may establish prior use through privity with Sands's other businesses.

---

[2] Although the parties agree that that § 1115(b)(5) applies and the district court analyzed the case under the statute, a prominent treatise states that § 1115(b)(5) "is restricted to a situation where the registrant is the senior user." 2 McCarthy on Trademarks & Unfair Competition § 26:53 (5th ed. 2025). In any event, the analysis is the same under the common law. *See Sengoku Works Ltd. v. RMC Int'l, Ltd.,* 96 F.3d 1217, 1219 (9th Cir. 1996) ("It is axiomatic in trademark law that the standard test of ownership is priority of use. To acquire ownership of a trademark it is not enough to . . . have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services.").

"Privity exists when there is substantial identity between parties, that is, when there is sufficient commonality of interest." *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (cleaned up). "When a person owns most or all of the shares in a corporation and controls the affairs of the corporation, it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest." *Id.* The district court's finding of privity is supported by the record. Sands testified that he founded each company that engaged in prior use, served as president of each with "final say," and maintained between 50 and 100 percent ownership, and each company traded off the ICON Builders mark to generate business.

3.      Even if privity is established, MFIB faults the district court for failing to consider the geographic scope of prior use. Rights deriving from prior use are "frozen" after federal registration to "those areas where [the mark] then enjoyed recognition based on its reputation, advertising, and sales." *Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 762 (9th Cir. 2006). But we cannot fault the district court for failing to enter a limited injunction given the procedural posture of this case. MFIB's motion for a preliminary injunction sought nationwide relief, mentioning the possibility of more limited geographic scope only in a footnote. Instead, the focus of MFIB's arguments below was that Sands had abandoned any rights to the ICON Marks. And the only evidence presented to the district court of IBCA's current and allegedly infringing use was limited to areas of prior use. Indeed,

MFIB conceded at oral argument that it has no evidence of present use by the Defendants in any area other than those of prior use. Under these circumstances, the district court did not abuse its discretion in denying the broad relief MFIB requested.

4.      We emphasize, however, that MFIB may be entitled, on an appropriate showing, to either preliminary or permanent injunctive relief preventing use of the ICON Marks by IBCA in areas other than those of prior use. We affirm the district court's denial of a preliminary injunction without prejudice to MFIB seeking such relief.

**AFFIRMED.**